**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSEE JEAN-BART,
Plaintiff-Appellant,

v.

No. 95-2427

WASHINGTON SUBURBAN SANITARY
COMMISSION,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-94-1841-AW)

Submitted: November 28, 1995

Decided: January 31, 1996

Before HALL and MOTZ, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Josee Jean-Bart, Appellant Pro Se. Sheila Day Collins, WASHING-
TON SUBURBAN SANITARY COMMISSION, Laurel, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Josee Jean-Bart appeals from the district court's order denying as untimely her motion to reopen proceedings in her civil action, in which she alleged that Washington Suburban Sanitary Commission ("WSSC") failed to promote her based on her race, gender, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994), and 42 U.S.C. § 1983 (1988). Because we find that Jean-Bart's motion was timely filed, we vacate the district court's order and remand for further consideration of whether Jean-Bart alleged sufficient cause to reopen the proceedings.

The district court dismissed the action under D. Md. Loc. R. 111.1, after being notified that the parties had reached a settlement. The order stated that "[t]he entry of this order is without prejudice to the right of a party to move for good cause shown to reopen the action if settlement is not consummated. If no party moves to reopen, the dismissal shall be with prejudice." The court issued the settlement order on May 3, 1995, and entered it on the docket on May 8, 1995.

On July 5, 1995, Jean-Bart filed pro se a motion for jury trial and for an extension of time during which to prepare for trial. She stated that "[a]fter reviewing the terms of the settlement, [she] realize[d] that she can not [sic] go along with the terms of the settlement." The district court denied her motion, finding that the sixty-day period during which a party could move to reopen the proceedings had expired as of July 3, 1995, she failed to show good cause for filing the motion out of time, and the action was dismissed with prejudice.

Although the district court concluded that the sixty-day period began to run on May 3, 1995--the date it issued the settlement order --we find that the settlement order was a "judgment" within the

2

meaning of Fed. R. Civ. P. 58. Thus, Jean-Bart had sixty days from May 8, 1995--the date the district court entered the settlement order on its docket--to file her motion to reopen the proceedings. Jean-Bart's July 5 motion therefore was timely filed. Because the district court denied the motion to reopen proceedings solely upon the finding that Jean-Bart failed to show good cause for filing the motion out of time, the court did not reach the question of whether she alleged sufficient cause to reopen the proceedings. Accordingly, we vacate the district court's order and remand the case for further consideration of Jean-Bart's motion to reopen.

We deny WSSC's motion to strike and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3